## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joshua Stryker,<br>    Plaintiff | NO. 2:25-CV-02245 |
| v. | ELECTRONICALLY FILED |
| LEBANON COUNTY<br>CORRECTIONAL FACILITY,<br>*ET AL.*<br>    Defendants | JURY TRIAL DEMANDED |

## BRIEF IN SUPPORT OF THE LEBANON COUNTY DEFENDANTS' MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On November 26, 2024, Plaintiff initiated this action by filing a writ of summons. On March 19, 2025, Plaintiff filed a Complaint, which is the operative pleading in this matter. *See generally* Doc. 1-1. Plaintiff's claims arise out of his December 6, 2022 arrest and subsequent detainment at Lebanon County Correctional Facility ("LCCF"). *See id.* at ¶ 16. When Plaintiff entered LCCF, he was in possession of narcotics. *See id.* at ¶ 19. Upon officers discovering these narcotics, Plaintiff was placed in a dry cell. *See id.* at ¶ 23. While in the dry cell, Plaintiff alleges that he was mistreated by correctional officers and denied appropriate medical treatment. *See id.* at ¶¶ 28-53. After being released from the dry cell, Plaintiff alleges that he was retaliated against for attempting to file a grievance regarding his treatment. *See id.* at ¶ 57. Based on the

foregoing, Plaintiff asserts claims against (1) Lebanon County Correctional Facility; (2) Tina Litz, in her official capacity as Deputy Warden of Lebanon County Correctional Facility; (3) Chandler McClintic; (4) Hayden Merkey; (5) Adam Clay; (6) Todd Mease; (7) Brian Wenrich; (8) Dustin Gonzales; (9) John Doe Corrections Officer; (10) PrimeCare Medical, Inc.; (11) John Doe Medical Staff; and (12) Jane Doe Medical Staff. Defendants McClintic, Merkey, Clay, Mease, Wenrich, and Gonzales are Correctional Officers at Lebanon County Correctional Facility ("the Correctional Officer Defendants").

In Plaintiff's Complaint, Plaintiff asserts numerous Section 1983 claims, as well as related state-law claims, for the alleged injuries sustained at LCCF. First, Plaintiff asserts a Fourteenth Amendment claim, premised on failure to protect, failure to keep safe, failure to intervene, cruel and unusual punishment, excessive force, deliberate indifference, and denial of access to the courts, against the Correctional Officer Defendants and John/Jane Doe Medical Staff. Second, Plaintiff asserts a First Amendment retaliation claim against the Correctional Officer Defendants. Third, Plaintiff asserts a conspiracy to violate First and Fourteenth Amendment rights claim against the Correctional Officer Defendants and John/Jane Doe Medical Staff. Fourth, Plaintiff asserts a *Monell* claim against Defendant LCCF and Defendant Litz. Fifth, Plaintiff asserts a *Monell* claim against Defendant PrimeCare Medical, Inc. Sixth, Plaintiff asserts a state-law negligence claim against all Defendants. Seventh, Plaintiff

asserts a state-law intentional infliction of emotional distress claim against all Defendants.

On May 2, 2025, Moving Defendants removed this action to the Eastern District of Pennsylvania on the basis of federal question jurisdiction. For the reasons set forth below, this action should be transferred to the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a).

## II.    QUESTION PRESENTED

A.    Whether, pursuant to 28 U.S.C. § 1404(a), this action should be transferred to the Middle District of Pennsylvania because Plaintiff's claims arise out of conduct that occurred at Lebanon County Correctional Facility, which is located in the Middle District of Pennsylvania, and Plaintiff asserts claims against various individuals and entities who are all located in the Middle District of Pennsylvania?

Suggested Answer: Yes.

## III.    ARGUMENT

**A.    Pursuant to 28 U.S.C. § 1404(a), this action should be transferred to the Middle District of Pennsylvania because Plaintiff's claims arise out of conduct that occurred at Lebanon County Correctional Facility, which is located in the Middle District of Pennsylvania, and Plaintiff asserts claims against individuals and entities who are all located in the Middle District of Pennsylvania**

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) "provides for the transfer of a case where both the original and the requested venue are proper." *Jumara v. State*

*Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  Venue is proper in the Middle District of Pennsylvania because Plaintiff's claims arise out of conduct that occurred in Lebanon County, within the boundaries of the Middle District of Pennsylvania.  *See* 28 U.S.C. § 1391(b)(2).  Venue also is proper in the Middle District because the Defendants all are located in Harrisburg, Pennsylvania and Lebanon, Pennsylvania, within the boundaries of the Middle District of Pennsylvania.  28 U.S.C. § 1391(b)(1).

In *Jumara*, the Third Circuit set forth a list of private interest and public interest factors that a court should evaluate in deciding whether to transfer venue under Section 1404(a).  The private interests to consider include: (1) plaintiff's choice of forum; (2) defendant's preferred forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable at trial; and (6) the location of the books and records, similarly limited to the extent that files could not be produced in the alternative forum.  *Jumara*, 55 F.3d at 879.

The public interests to consider include: (1) the enforceability of the judgment; (2) practical considerations that would make the trial easier, more expeditious, or  less expensive if transferred; (3) relative administrative difficulties in the two fora caused by court congestion; (4) local interest in deciding controversies at home; (5) public policies of the fora; and (6) familiarity of the trial judge with state law in diversity cases.  *Id.*  In

undertaking this multi-factor analysis, district courts are vested with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Id.* at 883 (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)). The burden of proving the need for transfer rests with the moving party. *Id.* at 879 (citations omitted).

An in-depth analysis of each private and public interest factor is set forth below. However, this analysis can be concisely summarized: Plaintiff's claims arise out of conduct that occurred at Lebanon County Correctional Facility, which is located in the Middle District of Pennsylvania, and Plaintiff asserts claims against Defendants who are all located in the Middle District of Pennsylvania. The action has no logical connection to Philadelphia or the Eastern District of Pennsylvania. Therefore, as a practical matter, this action should be transferred to the Middle District of Pennsylvania in the interest of judicial economy.

i.    **Private Interest Factor No. 1 – Plaintiff's Choice of Forum**

"Although a plaintiff's choice of venue is generally given deference, the plaintiff's choice is not dispositive and receives less weight when none of the operative facts occurred in the selected forum." *Martin v. McHugh*, 2014 U.S. Dist. LEXIS 157649, *8-9 (E.D. Pa. 2014) (citations omitted). "When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight."

*Id.* at *9 (quotations omitted). "A plaintiff's forum choice also receives considerably less weight where the plaintiff chooses a forum which is not his home." *Id.* (quotation omitted).

Plaintiff initiated this action in the Court of Common Pleas of Philadelphia County. *See generally* Doc. 1-1. However, Plaintiff's claims have no connection to Philadelphia County. Plaintiff's claims arise out of conduct that occurred at Lebanon County Correctional Facility, which is located in Lebanon County. Indeed, at the state level, venue was only proper in the Court of Common Pleas of Lebanon County, and the action never should have been brought in Philadelphia in the first instance. *See* Pa. R. Civ. 2103(b) ("[A]n action against a political subdivision may be brought only in the county in which the political subdivision is located."). Simply put, Plaintiff's choice of forum should be afforded little weight under the circumstances, and this factor weighs in favor of transferring the action to the Middle District of Pennsylvania.

## ii.    Private Interest Factor No. 2 – Defendant's Preferred Forum

Moving Defendants' preferred forum is the Middle District of Pennsylvania. The Middle District of Pennsylvania is the forum in which the alleged incident occurred and all of the Defendants reside. Therefore, this factor weights in favor of transfer. *See Martin*, 2014 U.S. Dist. LEXIS 157649, *10 ("[D]uring the time that Plaintiff was employed by Defendants, she worked in either the Dunham or Fillmore clinics, both of which are located in the Middle District of Pennsylvania. In light of the insignificant

relationship between the underlying employment dispute and the Eastern District of Pennsylvania, Defendants' forum choice weighs in favor of a transfer."); *see also Harper v. Sky King Fireworks, Inc.*, 2020 U.S. Dist. LEXIS 125783, *7 (E.D. Pa. July 16, 2020) (citing *Hamilton v. Nochimson*, 2009 U.S. Dist. LEXIS 62644 (E.D. Pa. 2009)).

### iii.    Private Interest Factor No. 3 – Whether the Claim Arose Elsewhere

As noted above, Plaintiff's claims arise from conduct that occurred at Lebanon County Correctional Facility in Lebanon County – *i.e.* within the boundaries of the Middle District of Pennsylvania.  Since the claims at issue in this case are based on an incident that has no connection whatsoever to Philadelphia County or the Eastern District of Pennsylvania, this factor "heavily weighs in favor of transfer."  *Yelverton v. Lab. Corp. of Am. Holdings*, 2020 U.S. Dist. LEXIS 81281, *10 (E.D. Pa. 2020); *see also Cable v. Allied Interstate, Inc.*, 2012 U.S. Dist. LEXIS 67111, *7-8 (E.D. Pa. 2012) (collecting cases) ("When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer.").

### iv.    Private Interest Factor No. 4 – Convenience of the Parties

The convenience of the parties would be promoted by transferring this action to the Middle District of Pennsylvania.  As stated above, all of Defendants reside in the Middle District, and the Middle District is the site of the alleged incidents giving rise to this suit.

### v.    Private Interest Factor No. 5 – Convenience of the Witnesses

"The convenience of witnesses is often cited as the most important factor in a motion to transfer venue under § 1404(a)." *Blankenship v. Graco Children's Prods.*, 2011 U.S. Dist. LEXIS 115816, *11-12 (E.D. Pa. 2011) (citation omitted). However, the inquiry into witness convenience must focus on whether or not the witnesses would be unavailable for trial in the original forum, and the factor's significance is mitigated in circumstances involving a requested transfer between adjacent judicial districts in the same state. *Harper*, 2020 U.S. Dist. LEXIS 125783 at *10. Thus, when a Section 1404(a) transfer motion involves adjoining judicial districts, and when "neither party asserts that witnesses would be unwilling or unable to attend trial in either of the for a . . . this factor does not weigh in [the Court's] analysis." *Id.* at *10-11 (citations omitted). Therefore, this factor is neutral for purposes of the instant Motion.

### vi.    Private Interest Factor No. 6 – Location of Books and Records

"The location of books and records is only relevant to the Court's analysis to the extent that the files could not be produced in the alternative forum." *Harper*, 2020 U.S. Dist. LEXIS 125783 at *11 (citing *Jumara*, 55 F.3d at 879). Given modern technology, any records could be produced in both the Middle District and Eastern District of Pennsylvania. Therefore, this factor is neutral for purposes of the instant Motion.

### vii.  Public Interest Factor No. 1 – Enforceability of Judgment

A judgment in this action would be enforceable in either the Middle District or Eastern District of Pennsylvania.  Therefore, this factor is neutral for purposes of the instant Motion.

### viii.  Public Interest Factor No. 2 – Practical Considerations Regarding Ease, Expediency, and Expense

Transferring this action to the Middle District of Pennsylvania would make trial easier, more expedient, and less expensive.  As noted above, this action involves claims by a Plaintiff who had no apparent ties to the Eastern District at the time of the incidents giving rise to suit, who has brought claims based on an incident that occurred in a different part of the state.  Those claims have been asserted against individuals who all reside in the Middle District.  Under similar circumstances, this Honorable Court has routinely held that the ease, expediency, and expense of trial would be best served by transferring the case to the judicial district where the incident occurred and the parties were located.  *See, e.g.*, *Martin*, 2014 U.S. Dist. LEXIS 157649 at *13 (finding that trial in the Middle District of Pennsylvania would be "easier, more expeditious and less expensive" where "all of the facts underlying Plaintiff's claims occurred in the Middle District of Pennsylvania" and "most of the witnesses are likely to be located in or around the Middle District of Pennsylvania"); *Angeloff v. State Farm Mut. Auto Ins. Co.*, 2017 U.S. Dist. LEXIS 226897, *6 (E.D. Pa. 2017) (finding that trial would be

more expeditious in the Middle District of Pennsylvania when most of the witnesses are located there). Accordingly, this factor weighs in favor of transfer.

### ix.    Public Interest Factor No. 3 – Court Congestion

There is no concern that administrative difficulties caused by court congestion in the Middle District of Pennsylvania or the Eastern District of Pennsylvania would impact the course of this lawsuit. Therefore, this factor is neutral.

### x.    Public Interest Factor No. 4 – Local Interests

At its core, this is a Middle District of Pennsylvania case that should be decided by a Middle District jury. This action involves an incident that occurred in Lebanon County, within the boundaries of the Middle District of Pennsylvania. As this action involves claims brought against Middle District residents based on an incident that occurred in the Middle District, it is clear that the Middle District of Pennsylvania has a stronger interest in resolving this controversy than this Honorable Court. *See Cable*, 2012 U.S. Dist. LEXIS 67111 at *12-13 ("The Middle District of Pennsylvania has substantially more interest in this case than does this Court. Plaintiffs live in the Middle District of Pennsylvania and suffered all of their injuries there . . . Thus, this factor heavily favors transfer."); *see also Harper*, 2020 U.S. Dist. LEXIS 125783 at *12 (recognizing that "when a substantial portion of the events giving rise to the action occurred in the chosen forum, that Court favors adjudicating as a matter of local interest," particularly where "the burden of jury duty should not be placed on citizens

who do not possess an interest in or connection to the matter being litigated."); *Martin*, 2014 U.S. Dist. LEXIS 157649 at *13 (finding that the Middle District of Pennsylvania had a "significant interest in the parties' underlying disputes" where "the operative facts underlying the dispute at the heart of [the] matter occurred in the Middle District of Pennsylvania."); *Idasetima v. Wabash Metal Prods.*, 2001 U.S. Dist. LEXIS 19726, *8-9 (E.D. Pa. 2001) (where the accident occurred in the Western District of Pennsylvania and the case involved parties and witnesses located in the Western District, "the citizens of the Western District clearly ha[d] more of an interest in the outcome of this litigation than the citizens of this district"). Accordingly, this factor heavily weighs in favor of transfer to the Middle District of Pennsylvania.

## xi.    Public Interest Factor No. 5 – Public Policies of the Fora

There is no concern that the public policy interests of the Middle District and Eastern District of Pennsylvania would differ in the disposition of this litigation. Therefore, this factor is neutral.

## xii.    Public Interest Factor No. 6 – Familiarity with State Law

There is no concern that the Middle District and Eastern District of Pennsylvania would have different levels of familiar with Pennsylvania state law. Therefore, this factor is neutral.

xiii.   **The Public and Private Interest Factors overwhelmingly weigh in favor of transferring this action to the Middle District of Pennsylvania**

As set forth above, all of the *Jumara* factors either weigh in favor of transfer to the Middle District of Pennsylvania or are neutral.  As a practical matter, Plaintiff's claims arise out of conduct that occurred at Lebanon County Correctional Facility, which is located in the Middle District of Pennsylvania, and Plaintiff asserts claims against various employees of Lebanon County Correctional Facility, who are located in the Middle District of Pennsylvania.  Therefore, pursuant to 28 U.S.C. § 1404(a), this action should be transferred to the Middle District of Pennsylvania in the interest of judicial economy.

## IV.    CONCLUSION

For the foregoing reasons, Moving Defendant respectfully requests that this Honorable Court grant their Motion to Transfer Venue to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

Date:  May 2, 2025          By:    */s/ Matthew R. Clayberger*
Matthew R. Clayberger, Esquire
PA Atty. No. 316102
PO Box 1275
Camp Hill, PA  17001
(717) 237-7150
mclayberger@tthlaw.com
*Counsel for the Lebanon County Defendants*

12

## <u>CERTIFICATE OF SERVICE</u>

AND NOW, I, April Casper, of the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that a true and correct copy of the foregoing document(s) was served upon the following:

### <u>Via Email</u>

Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Weisberg Law
7 South Morton Avenue
Morton, PA  19070
610-690-0801
mweisberg@weisberglawoffices.com
dberlin@weisberglawoffices.com
*Counsel for Plaintiff*

Gary Schafkopf, Esquire
Schafkopf Law LLC
11 Bala Avenue
Bala Cynwyd, PA  19004
610-664-5200 x 104
gary@schaflaw.com
*Counsel for Plaintiff*

John R. Ninosky
Marshall Dennehey
200 Corporate Center Dr., Suite 300
Camp Hill, PA 17011
717-541-3709
jrninosky@mdwcg.com
*Counsel for Defendant PrimeCare Medical, Inc.*

Date:  May 2, 2025

_____
April Casper

13